IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 18, 2008

Charles R. Fulbruge III
Clerk

No. 08-50098
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RAUL PORTILLO

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:05-CR-102-ALL

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Raul Portillo appeals his guilty plea conviction and life sentence for possession of cocaine with intent to distribute, arguing that he received ineffective assistance of counsel. Portillo pleaded guilty pursuant to a written agreement that included a waiver of appeal provision. Portillo acknowledges his appeal waiver but argues that the waiver excepted claims of ineffective assistance of counsel. The Government argues that Portillo's appeal waiver precludes him from bringing the instant appeal.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Even if Portillo's appeal waiver does not bar the instant appeal, the "general rule in this circuit is that a claim of ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations." United States v. Higdon, 832 F.2d 312, 313-14 (5th Cir. 1987) (citations omitted). Only on those rare occasions where the record is sufficiently developed will the court undertake to consider claims of inadequate representation on direct appeal. Id. at 314 (citations omitted). If this court cannot fairly evaluate the claim from the record, it must decline to consider the issue without prejudice to a defendant's right to raise it in a subsequent proceeding. United States v. Gulley, 526 F.3d 809, 821 (5th Cir.), cert, denied, ___ S. Ct. ___, 2008 WL 2463795 (2008).

Although the district court held an evidentiary hearing on Portillo's assertion that he received ineffective assistance of counsel, the district court addressed only Portillo's claim that trial counsel failed to file the notice of appeal that Portillo requested. The district court explicitly stated that it did not address the merits of Portillo's other ineffective assistance claims. Thus, the record does not provide sufficient detail about trial counsel's conduct to make a fair evaluation of the grounds of ineffective assistance that Portillo argues on appeal. See Gulley, 526 F.3d at 821. Portillo is not precluded from raising the merits of his ineffective assistance claims in a § 2255 motion filed not later than one year from date that the district court's January 24, 2008, judgment is final.

Accordingly, Portillo's conviction and sentence are AFFIRMED.